Greg S. Ericksen (1002)
Attorney at Law
1065 South 500 West
P.O. Box 609
Bountiful, UT  84011
Telephone:  (801) 299-5519
Facsimile:  (801) 299-9799

Mark M. Bettilyon (4798)
Brett L. Tolman (8821)
RAY QUINNEY & NEBEKER PC
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543

*Attorneys for Orbit Irrigation Products, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>vs.<br><br>JANICE KUANG CAPENER,<br><br>                           Defendant. | **ORBIT'S RESPONSE TO DEFENDANT'S MOTION TO RE-INSTATE THE COURT'S JUNE 4, 2015 ORDER**<br><br>Case No. 1:12 CR 27 DB<br><br>Honorable Dee Benson |

Orbit Irrigation Products, Inc. ("Orbit") through its counsel of record hereby responds to Defendant's Motion to Re-Instate the Court's June 4, 2015 Order.

Orbit respectfully requests an opportunity to be heard by the Court on this matter. Orbit requests a hearing in part because there appears to be some confusion regarding the relevant facts. For example, on June 12, 2015, Orbit received the letter attached hereto as Exhibit A from Mr. Michael Brady, Janice Capener's civil attorney. In that letter Mr. Brady notes as follows:

> I placed a call to and corresponded with Janice Capener, requesting that she immediately contact me to apprise me of her plans with regard to relocating to China; Ms. Capener did not return my call or respond to my correspondence until **June 8, 2015,** at which time Ms. Capener advised me that **she intended to relocate to China,** but despite my specific request, **Ms. Capener gave me no date of relocation**.

Thus, Ms. Capener advised her civil attorney, on June 8, 2015 that "she intended to relocate to China" and provided "no date of relocation" – even though Janice Capener's criminal attorneys have represented to the Court that "On June 6, 2015 Capener moved to China with her husband and three children." Dkt. 234 at 5. Given Mr. Brady's statements, there is at least some question as to whether Janice Capener remained in the United States on June 8, 2015, the day this Court's order was rescinded. Orbit respectfully requests that the Court order counsel to provide the Court with copies of the plane tickets in question to determine precisely when Janice Capener relocated to China. Orbit also respectfully notes that Janice Capener has violated other court orders in the past, including a preliminary injunction order which precluded her competition with Orbit – an order Ms. Capener violated for more than two years by conducting business under the false name "Megan Luo."

Orbit also takes issue with Defendant's claim that the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2), makes Ms. Capener an admissible alien. To the contrary, the exceptions noted in this statute apply if the alien in question "committed only one crime" and "the alien was not sentenced to term of imprisonment in excess of six months (regardless of the extent to which the sentence was ultimately executed)."

Moreover, as noted in 8 U.S.C. § 1182 (h)(1)(D) the above provisions may be waived by the Attorney General "in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States." In fact, Mr. Brady, Janice Capener's civil attorney, has informed

Orbit and the State court judge that Janice Capener was likely not going to be deported because of her marital relationships and children who are U.S. citizens. Finally, the Court may recall that during her sentencing Ms. Capener informed the Court that living in China was the worst possible thing that could happen to her. The fact that Ms. Capener left the country voluntarily, with no hope of ever returning, is thus at odds with her own prior statements to this Court.

Given these discrepancies Orbit believes that a hearing would appropriate so the Court may ascertain the true facts associated with these issues.

DATED this 19th day of June, 2015.

>RAY QUINNEY & NEBEKER P.C.
>
>/s/ Mark M. Bettilyon
>Mark M. Bettilyon
>Brett L. Tolman
>
>*Attorneys for Orbit Irrigation Systems, Inc.*

1332868