# Exhibit A

*LAW OFFICES*

# BRADY LAW CHARTERED

St. Mary's Crossing
2537 W. State Street
Suite 200
Boise, Idaho 83702

Telephone:
(208) 345-8400

Facsimile:
(208) 322-4486

Michael G. Brady
Kyle D. Duren
Jason S. Thompson
Daniel R. Page
Jacob D. Bottari

Andrew E. Schepp
1971-2011

Representation
Throughout
Idaho, Oregon, Utah and
Washington

E-mail via Internet:
bradylaw@bradylawoffice.com

June 12, 2015

*Sent via email to*
*mbettilyon@rqn.com*
*lstevens@rqn.com*

Mr. Mark Bettilyon
Ray Quinney & Nebeker P.C.
36 S. State St., Ste. 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

*Sent via email to:*
*gericlaw@aol.com*

Greg S. Ericksen
1065 South 500 West
P.O. Box 609
Bountiful, UT 84011

Re:  *Orbit Irrigation Products, Inc. v. Janice Capener, et al.*
     Davis County Case No. 10700404
     Judge David M. Connors
     Our File No. 0104.0100

Gentlemen,

At the June 3, 2015 State Court hearing, I first became aware through Greg Ericksen's representation to the Court that Janice Capener had filed a Motion to Relocate to the People's Republic of China in the Federal criminal case to serve the remaining period of time on supervised release, while living in the People's Republic of China. Upon returning to my office on June 3, 2015, I obtained a copy of the referenced Motion and, on June 4, 2015, the Order Granting the Motion to Relocate.

I placed a call to and corresponded with Janice Capener, requesting that she immediately contact me to apprise me of her plans with regard to relocating to China; Ms. Capener did not return my call or respond to my correspondence until June 8, 2015, at which time Ms. Capener advised me that she intended to relocate to China, but despite my specific request, Ms. Capener gave me no date of relocation.

On June 10, 2015, I sent an email to Ms. Capener requesting a meeting with her the afternoon of June 26, 2015, to discuss Orbit's new allegations regarding the Walmart letter and the Pudong Chinese taxing authority letter.

On June 12, 2015, we received an email from Janice Capener advising us for the first time that Ms. Capener, Dan Capener, and their children had relocated to China. Ms. Capener indicated that, despite her

Mr. Mark Bettilyon
Mr. Greg Ericksen
June 12, 2015
Page 2

relocation to China, she will fully and completely cooperate with Orbit's counsel and this law firm to schedule her trial deposition outside the United States.

Upon receipt of Ms. Capener's June 12, 2015 email, we were alerted that there had been more filings in the Federal criminal case, i.e., Orbit's June 5, 2015 Motion for Reconsideration, the Court's June 8, 2015 Order Rescinding the June 4, 2015 Order Granting Motion to Relocate, and Janice Capener's June 10, 2015 Motion to Reinstate the Court's June 4, 2015 Order.

Since neither you or Sam Alba provided copies of these filings in the Federal criminal case, we were unaware of what was going on in the Federal criminal case until we obtained these filings in the Federal criminal case through Pacer on June 12, 2015.

In order that there be no misunderstanding, "confusion," or recriminations among counsel in the State case, Janice Capener's decision through Snow Christensen & Martineau to file a Motion to Relocate to the People's Republic of China was made without the knowledge or consent of this firm.

Hopefully, the foregoing will allay any concerns that you may have with regard to this firm's involvement with Janice Capener "relocating" to China. In short, Ms. Capener's plans to relocate to China and her sudden departure to China were without the knowledge or consent of this firm.

Sincerely,

BRADY LAW, CHARTERED

Michael G. Brady

MGB:dc
cc:   Sam Alba *(via email)*
      Larry Perrone *(via email)*
      Sunhills Defendants *(via email)*
      0104.0100